This matter is before the court on appeal from the Oregon Municipal Court wherein appellant, Joseph Weiser, was arrested for driving while under the influence of alcohol in violation of Section 333.01(A)(3) of the Oregon Municipal Code.
Appellant filed a motion to suppress arguing that the police unlawfully stopped his vehicle. At a suppression hearing, Sergeant Henry C. Everett of the Oregon Police Department testified he was on duty during the evening hours of August 22, 1997. Specifically, Everett testified he was on "preventative patrol" in and around a local ethnic festival. Everett testified he saw appellant "staggering" to his vehicle. Everett watched as appellant unsuccessfully attempted to unlock his vehicle with a key. Everett and another officer decided to walk over to appellant and advise him not to drive. Before the officers reached him, appellant had successfully unlocked and started his vehicle. The officers then got into their cruiser and began to follow appellant as he pulled out of the parking lot. The officers observed as appellant's vehicle drifted approximately two feet left of center. Everett testified that appellant's vehicle remained two feet left of center for approximately one hundred feet before returning to the proper lane. At this point, the officers signaled appellant to pull over. Appellant was ultimately charged with driving while under the influence of alcohol. The trial court denied his motion to suppress and appellant entered a no contest plea to the charge. He was found guilty and sentenced to three days in a driver's intervention program. Appellant now appeals setting forth the following assignment of error:
 "THE TRIAL COURT ERRED PREJUDICIALLY IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS, WHERE A BRIEF EXCURSION ACROSS THE CENTER LINE OF THE ROADWAY WAS EXCUSED BY THE CIRCUMSTANCES CONFRONTED BY THE DRIVER, AND HENCE WAS NOT SUGGESTIVE OF CRIMINAL WRONGDOING."
In order to justify an investigatory stop of a vehicle, the police officer must demonstrate specific and articulable facts which when considered with the rational inferences therefrom would, in light of the totality of the circumstances, justify a reasonable suspicion that the individual to be stopped may be involved in illegal activity. See State v. Bobo (1988), 37 Ohio St.3d 177; Terry v. Ohio (1968), 392 U.S. 1; United States v.Brignoni-Ponce (1975), 422 U.S. 873; State v. Freeman (1980),64 Ohio St.2d 291. "Reasonable suspicion" has been defined as something more than an "inchoate or unparticularized suspicion or 'hunch,' " but less than the level of suspicion required for probable cause. Terry, supra, at 27.
Sergeant Everett testified he witnessed appellant commit the traffic offense of failing to drive within marked lanes in violation of Section 331.08 of the Oregon Municipal Code. This court has held that "weaving, whether within or outside one's lane, is indicative of erratic driving which authorizes the police to stop a vehicle." Village of Montpelier v. Lyon, (May 1, 1987), Williams App. No. WMS-86-16, unreported. See, also,State v. Deichler, (May 23, 1997), Erie App. No. E-96-091, unreported; State v. Lopez, (Dec. 3, 1993), Lucas App. No. L-92-422, unreported. Upon review of all of the evidence that was before the court at the suppression hearing, the reasonable inferences therefrom, and the law, this court finds that Sergeant Everett did establish articulable facts giving rise to a reasonable suspicion that was sufficient to stop appellant's vehicle. Accordingly, the trial court did not err by denying appellant's motion to suppress. Appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Oregon Municipal Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ------------------------ JUDGE
Melvin L. Resnick, J. ------------------------ JUDGE
James R. Sherck, J. CONCUR. ------------------------ JUDGE